IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
01 MAY 29 AM 11: 52
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| TIECO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | |
| USX CORPORATION, ROBERT E. | ) | |
| HILTON, JAMES B. WAGER AND | ) | CV-01-RRA-1372-S |
| KENNETH FALLS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendant USX Corporation ("USX") gives notice that this cause is hereby removed from the Circuit Court of Jefferson County, Alabama, Bessemer Division to the United States District Court for the Northern District of Alabama, Southern Division. For its Notice of Removal, USX shows unto the Court as follows:

1.   This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

2.   Tieco, Inc. (hereafter "Tieco" or "plaintiff") commenced this action in the Circuit Court of Jefferson County, Alabama, Bessemer Division on April 25, 2001, against USX Corporation ("USX"), Robert E. Hilton, James B. Wager and Kenneth Falls, said case bearing number CV-01-492 in said Court. A summons and copy of the complaint were served upon Mr. Falls on May 9, 2001, USX and Mr. Hilton on May 14, 2001. To date, Mr. Wager has not been served. True and correct copies of all pleadings filed in said civil action are attached hereto as Exhibit "A" and are incorporated by reference herein. This Notice of Removal is timely under

28 U.S.C. §1446 (b). The Complaint could have been filed originally in this Court pursuant to 28 U.S.C. §1331 because plaintiff's claims arise "under the Constitution, laws or treaties of the United States." 28 U.S.C. §1331. As an alternative basis for jurisdiction, the Complaint could have been filed originally in this Court pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between the properly joined parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Finally, the removal of this case is authorized under the All Writs Act to effectuate and prevent the frustration of orders this Court has previously issued and to protect the federal jurisdiction over the issues required in this case.

I.

### FEDERAL QUESTION JURISDICTION EXISTS BECAUSE THIS CASE ARISES UNDER FEDERAL LAW

3. A defendant can remove to the appropriate federal district court "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction." 28 U.S.C. §1441 (a). Federal subject matter jurisdiction exists where plaintiff's state law claims require resolution of substantial federal issues. "Even though state law creates appellant's causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded Complaint establishes that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." Franchise Tax Board v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 13 (1983); City of Chicago, 522 U.S. at 164. In this case, there is federal subject matter jurisdiction because plaintiff's state law claims require the resolution of substantial federal issues regarding discovery and the Federal Rules of Civil Procedure.

4. Federal Courts should inquire into the facts disclosed on the record as a whole in determining the propriety of removal. See Villarreal v. Brown Express, Inc., 529 F. 2d 1219 (5th Cir. 1976). Plaintiff's complaint addresses conduct that allegedly occurred during the discovery process of a lawsuit then pending before the Honorable U.W. Clemon of this Court, styled USX Corporation, et al. v. Tieco, Inc., et al., CV-95-C-3237-5 ("Tieco/USX I"). The alleged conduct on which plaintiff bases its current state law claims was thoroughly addressed by Judge Clemon in Tieco/USX I. As a sanction for the alleged discovery abuses, Judge Clemon dismissed USX's claims against defendants, leaving only defendants' counterclaims against USX to go to the jury. The jury returned a verdict for Tieco and against USX in the amount of $7,175,000. In the fee award, Judge Clemon increased the lodestar by one-third "as further sanction for plaintiffs' contumacious conduct." (R-9-347-2)

5. Judge Clemon's orders regarding the alleged discovery abuses as well as the jury's verdict and the attorney fee award are currently on appeal before the United States Court of Appeals for the Eleventh Circuit. The appeals have been briefed and argued, and the parties are awaiting decision from the Eleventh Circuit (Case Nos. 00-11309-HH and 00-12842-HH). Because plaintiff's current state law claims are duplicative and based on the same conduct at issue in Tieco/USX I currently being reviewed by the Eleventh Circuit, USX is filing a Motion to Enjoin Tieco's prosecution of this proceeding in the Eleventh Circuit in order to protect the Eleventh Circuit's jurisdiction over the alleged conduct and to prevent frustration of the orders previously entered by this Court concerning the same conduct. A copy of the Motion to Enjoin is attached hereto as Exhibit "B".

3

6.      Any adjudication of the state law claims asserted by plaintiff requires resolution of federal law issues regarding discovery disclosure, conduct during the discovery process in Tieco/USX I. The existence of any cognizable duty to this plaintiff depends upon the application of federal law. Indeed, the propriety of defendants' conduct depends on the interpretation and application of the Federal Rules of Civil Procedure. This is the very question before the Eleventh Circuit in the appeals of Tieco/USX I. This determination is a substantial question of federal law that is governed by the Federal Rules of Civil Procedure. Therefore, this Court has subject matter jurisdiction over plaintiff's action based on a federal question.

## II.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PROPERLY JOINED PARTIES

7.      Plaintiff Tieco, Inc. is a corporation organized and existing under the laws of Alabama with its principal place of business located in Jefferson County, Alabama. See Complaint, ¶1. Pursuant to 28 U.S.C. §1332 (c)(1), Tieco is a citizen of Alabama.

8.      Defendant USX Corporation is a corporation organized and existing under the laws of Delaware with its principal place of business located in Pittsburgh, Pennsylvania. USX is not now, and was not at the time of the filing of the petition, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes.

9.      Defendant Hilton is not now, and was not at the time of the filing of the petition, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes.

10. Defendant Wager is not now, and was not at the time of the filing of the petition, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes.

11. Defendant Falls is a resident and citizen of Jefferson County, Alabama. Mr. Falls' joinder does not preclude diversity jurisdiction, however, because Mr. Falls has been fraudulently joined. When a Defendant has been fraudulently joined, the Courts should disregard his or her citizenship for purposes of determining whether the case is removable based on diversity of citizenship. See, e.g., Tapscott v. M.P.S. Dealer Serv. Corp., 77 F. 3d 1353, 1360 (11th Cir. 1996).

12. The Court must consider two factors in determining whether a defendant has been fraudulently joined: (1) "whether there is any possibility the plaintiff can establish any cause of action against the resident defendant" under either the law or the facts alleged, and (2) "whether plaintiff has fraudulently pled jurisdictional facts in order to bring the resident defendant into State court." Cabal Seta v. Stan Route Co., 883 F. 2d 1553, 1561 (11th Cir. 1989); See also Tapscott, 77 F. 3d at 1360. If either factor is present, the resident defendant has been fraudulently joined and should be ignored for jurisdictional purposes.

13. In this case, joinder of Mr. Falls does not preclude diversity jurisdiction because there is no possibility that plaintiff can establish any cause of action against Mr. Falls under the facts alleged.

14. All of the allegations made against Mr. Falls are in his capacity as a Rule 30(b)(6) deposition witness designated by USX to testify on its behalf. Mr. Falls was the coordinator of the South Tractor Shop located at USX's Fairfield plant in Fairfield, Jefferson

5

County, Alabama. See Complaint, ¶5. During the Tieco/USX I litigation, and in response to a notice of deposition to USX under Rule 30(b)(6), Mr. Falls was designated by USX as the representative most knowledgeable about the daily operations of the Tractor Shop. All of the specific allegations regarding Mr. Falls' conduct are set forth in the following two paragraphs of plaintiff's Complaint that deal with Mr. Falls' preparation for the Rule 30(b)(6) deposition:

> 35. Defendant Falls advised that he undertook to locate records related to USX's disposition of Cushman vehicles from the Fairfield Plant. Records relating to the disposition of Cushman vehicles had been maintained in the Tractor Shop files gathered by the audit division. Defendant Falls was advised by his predecessor, Richard Autry, that USX's audit division in Pittsburgh had the Tractor Shop records. Defendant Falls never consulted with the audit division for these records.
>
> 36. Defendant Falls inquired of USX's Engineering Department about the records related to Cushman vehicles prepared in conjunction with the Department's facility redeployment group. Although USX's Engineering Department claimed to have no knowledge of the location of these records, on May 11, 2000, six months after trial, USX produced another 100 pages of records found in USX's Engineering Department.

See Complaint, ¶¶35, 36. Even assuming the truth of those allegations, plaintiff cannot state a cause of action against Mr. Falls.

15. Plaintiff's Complaint contains seven numbered counts. Only four of these counts include allegations against Mr. Falls.

16. Count Two alleges misrepresentation under Alabama Code Section 6-5-101 against all defendants. Section 6-5-101 defines an actionable fraud as follows:

6

> Misrepresentations of a material fact made wilfully to deceive or recklessly without knowledge and acted on by the opposite party or if made by mistake and innocently acted on by the opposite party, constitute legal fraud.

To prevail on this claim against Mr. Falls, Tieco must show that Mr. Falls actually made a misrepresentation. See Jewel v. Seaboard Industries, Inc., 667 So. 2d 653 (Ala. 1995). However, Tieco makes no allegation that Mr. Falls made any misrepresentation. Without such an allegation, Tieco makes no misrepresentation claim against Mr. Falls. Plaintiff's Complaint alleges only that Mr. Falls did not consult USX's Audit Division regarding certain documents prior to testifying as a witness in the Tieco/USX I case. This certainly is not a misrepresentation under Section 6-5-101. Moreover, no statement made concerning the existence of records in USX's Engineering Department is alleged to have been a misrepresentation. To the contrary, and as the Complaint makes clear, Mr. Falls testified truthfully regarding the representation he received from the Engineering Department about such documents.

        17.    In Count Three, Tieco alleges deceit under Alabama Code Section 6-5-104 against all the defendants. Deceit applies to "one who wilfully deceives another with the intent to induce him to alter his position to his injury or risk." Alabama Code § 6-5-104 (1975). Deceit under Alabama law can include among other things "[t]he suppression of a fact by one who is bound to disclose it or who gives information of other facts which are likely to mislead for want of communication of that fact." Id. A cause of action for deceit "results from either a willful or reckless misrepresentation or a suppression of material facts with an intent to mislead." Jewell, 667 So. 2d at 658; Whitlow v. Bruno's, Inc., 567 So. 2d 1235 (Ala. 1990). Tieco's Complaint does not allege any intent to mislead on the part of Mr. Falls. In the section of the Complaint

7

addressing deceit, plaintiff makes no allegations whatsoever regarding any actions of Mr. Falls and, indeed, does not even mention Mr. Falls. In no part of the Complaint does Plaintiff claim that Mr. Falls intended to deceive Tieco by suppressing facts. In addition, the Complaint does not allege facts which could establish, under any circumstances, an intent to deceive by Mr. Falls. Because Tieco has not alleged facts that could establish that Mr. Falls possessed an intent to deceive, Tieco cannot establish a cause of action against Mr. Falls for the deceit.

18.     In Count Five, Tieco asserts claims of negligence against USX and Mr. Falls. To establish a cause of action for negligence, plaintiff must show "(1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury." Brushwitz v. Ezell, 757 So. 2d 423 (Ala. 2000). Tieco's negligence claim against Mr. Falls is based solely the Rule 30(b)(6) deposition testimony (or, more specifically, USX's preparation of Mr. Falls to so testify) during the Tieco/USX I litigation. Mr. Falls was designated by USX as its corporate representative with the most knowledge regarding the Tractor Shop. Plaintiff alleges that Mr. Falls "had a duty to make a diligent search" for certain records about which he testified in his deposition, and that Mr. Falls breached this duty by failing to make inquiries of certain divisions of USX regarding the records.

19.     Mr. Falls acted solely in his capacity as a Rule 30(b)(6) designee, *i.e.,* as USX's representative in Tieco/USX I and did not have a personal or legal relationship with plaintiff that would create any duty under Alabama law. No Alabama case has imposed a duty in tort under circumstances anything remotely like those present here. To prevail on this claim against Mr. Falls, the Court would have to create a new duty under Alabama law that would be based on the Federal Rules of Civil Procedure and would run to non-parties in federal litigation.

20. Further, there is no independent civil cause of action against a party under Alabama law for spoliation of evidence. See Christian v. Kenneth Chandler Construction Co., 658 So.2d 408 (Ala. 1995). Thus, plaintiffs' entire case against Mr. Falls fails as a matter of law due to the fact that Alabama does not recognize an action for the alleged conduct.

21. Mr. Falls' alleged liability to plaintiff arises out of a Notice to take Deposition directed to his employer, USX, who was the party in the Tieco/USX I litigation. The deposition notice was served pursuant to Federal Rule of Civil Procedure 30(b)(6) and required USX to designate a representative knowledgeable on certain issues. USX designated Mr. Falls. Mr. Falls was a USX employee, who was designated to testify on behalf of USX regarding the tractor shop where he worked. There is no allegation that Mr. Falls committed perjury. If Mr. Falls was unaware of the existence of certain records or failed, as plaintiff alleges, to inquire whether USX's Audit Division had certain records related to his testimony, then at most Mr. Falls may not have discharged USX's duty pursuant to the deposition notice. Liability in tort does not attach to an employee for the employer's failure to fulfill its responsibilities. See Edison v. Johns Ridout's Chapels, Inc., 508 So. 2d 697 (Ala. 1987). Because no Alabama law supports a duty on the part of Mr. Falls based on plaintiff's allegations, there can be no viable negligence claim against Mr. Falls.

22. In Count Six, plaintiff alleges suppression against all defendants. Under Alabama Code §6-5-102 "[s]uppression of a material fact which the party is under an obligation to communicate constitutes fraud." Plaintiff makes no specific allegations in Count Five against Mr. Falls. Plaintiff only alleges generally that "Defendants suppressed the fact that relevant and requested documents had been located prior to trial and were available for production."

9

Complaint at ¶98. Plaintiff does not allege any individual responsibility by Mr. Falls to locate or produce documents. Again, plaintiff must show that Mr. Falls had a duty to disclose material facts in order to prevail on a fraudulent suppression claim. See Jewell, 667 So. 2d at 658; Interstate Truck Leasing, Inc. v. Bender, 608 So. 2d 716 (Ala. 1992). Mr. Falls had no legal duty under these allegations. Plaintiff alleges that Mr. Falls had a duty to disclose pursuant to the orders of the federal district court and the Federal Rules of Civil Procedure. First, Mr. Falls was not a party to the Tieco/USX I litigation. Second, the discovery requests were not directed to Mr. Falls. Mr. Falls was an employee of USX who, by virtue of his employment in the Tractor Shop, testified in the Tieco/USX I litigation. There is no relationship between Mr. Falls and plaintiff that would impose a duty on Mr. Falls to disclose information. In the absence of such duty, plaintiff cannot establish a cause of action for suppression against Mr. Falls.

      23.    In addition, plaintiff cannot establish a claim for fraudulent suppression against Mr. Falls because such a claim requires that Mr. Falls have knowledge of the fact that allegedly was suppressed. See Dodd v. Nelda Stephenson Chevrolet, Inc., 622 So. 2d 1288 (Ala. 1993). Plaintiff contends that "[D]efendants suppressed the fact that relevant requested documents had been located prior to trial and were available for production." Complaint, ¶98. Plaintiff does not specifically allege in the Complaint, however, that Mr. Falls had any knowledge regarding the documents requested in the litigation, which documents had been located, or which documents had been produced. To the contrary, Plaintiff's own Complaint alleges that "at all times relevant to the Federal Civil lawsuit, Defendant Hilton was responsible for determining what documents in the possession of USX were responsive to Tieco's requests for production." Complaint, ¶43. Plaintiff does not allege that Mr. Falls had any responsibility

10

for such matters. It is inconceivable that any duty could run to Mr. Falls, and there is no legal authority to support it. Importantly, there is no allegation in plaintiff's Complaint that Mr. Falls gave any false testimony or committed perjury. Plaintiff's perjury count is only against other defendants.

    24. Counts One, Four and Seven do not include allegations against Mr. Falls.

    25. Plaintiff has fraudulently joined Mr. Falls in an attempt to frustrate the diversity jurisdiction of this Court.

    26. For purposes of determining whether this case is removable based on diversity of citizenship, the citizenship of defendants sued under fictitious names is disregarded. 28 U.S.C. § 1441(c).

    27. In each Count, Plaintiff claims damages of $5 million and demands both compensatory and punitive damages. Accordingly, the amount in controversy requirement is met on the face of plaintiff's Complaint.

### III.

### THE ALL WRITS ACT AUTHORIZES REMOVAL OF THIS CASE

    28. The All Writs Act, 28 U.S.C. §1651 (1994), authorizes the removal of a state court action when a party's tactics in a state court proceeding threatens the jurisdiction of the federal court and threatens to frustrate the federal court's orders. The Act permits the removal of an "otherwise unremovable state court case in order to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." In re Agent Orange Prod. Liability Litigation, 996 F.2d 1425, 1431 (2nd Cir. 1993); Yonkers Racing Corp. v. City of Yonkers, 858 F.2d 855, 864-65 (2nd Cir. 1988) (All Writs Act empowers

11

removal of a state court case when a party is "in a position to frustrate the implementation" of the federal court's previously entered orders); NAACP v. Metropolitan Counsel, 125 F.3d 1171, 1173 (8th Cir. 1997) (removal pursuant to All Writs Act is warranted when it will "protect the integrity" of a previously issued court order).

29. As previously discussed, this Court has issued orders based on the same alleged discovery abuses at issue in this case. This Court analyzed the alleged conduct and issued the orders it deemed appropriate to sanction USX and to compensate Tieco for the alleged conduct. Allowing Tieco to collaterally attack the integrity of these orders in state court would threaten the federal jurisdiction over these issues and frustrate the purpose and intent of this Court's orders. Therefore, removal pursuant to the All Writs Act is warranted in this case.

### IV.

### **THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

30. Because this Notice of Removal is filed within thirty days of the service of the Complaint, it is timely under 28 U.S.C. §1446(d).

31. All properly joined and served defendants consent to and join in this Notice of Removal. See Defendant Robert E. Hilton's Consent to Removal attached hereto as Exhibit "C".

32. USX has sought no similar relief with respect to this matter.

33. The prerequisites for removal under 28 U.S.C. §1441 have been met.

34. If any questions arise as to the propriety of the removal of this action,

USX requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**WHEREFORE**, defendant USX Corporation prays that this Court will consider this notice as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to effect the removal of this cause from said Circuit Court of Jefferson County, Alabama, Bessemer Division, to this Court; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in said Circuit Court.

_____
Attorney for Defendant USX Corporation

OF COUNSEL:

Warren B. Lightfoot
Jere F. White, Jr.
William O. L. Hutchinson
**LIGHTFOOT, FRANKLIN & WHITE**
The Clark Building
400 20th Street North
Birmingham, AL 35203
(205) 581-0700

## CERTIFICATE OF SERVICE

I hereby certify that on this the  29th  day of May, 2001, a true and correct copy of the foregoing original has been served by United States mail, postage prepaid and properly addressed to:

J. Mark White
Linda G. Flippo
William M. Bowen, Jr.
**WHITE, DUNN & BOOKER**
2025 Third Avenue North, Suite 600
Birmingham, AL 35203

Ralph D. Cook
**HARE, WYNN, NEWELL & NEWTON**
2025 Third Avenue North, Suite 800
Birmingham, AL 35203

H. Thomas Wells, Jr.
John A. Earnhardt
**MAYNARD, COOPER & GALE, P.C.**
AmSouth/Harbert Plaza
1901 6th Ave. North
Suite 2400
Birmingham, AL 35203-2602

_____
Of Counsel

# EXHIBITS TOO LARGE FOR SCANNING-SEE ORIGINAL FILE