FILED
2005 Nov-17 AM 11:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **TIECO, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 01-RRA-1372-S** |
| ) | |
| **USX CORPORATION,** ) | |
| **ROBERT E. HILTON, and** ) | |
| **JAMES B. WAGER,** ) | |
| ) | |
| **Defendants.** ) | |

### TIECO'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS

Comes now Plaintiff TIECO, Inc. ("TIECO"), by and through counsel, and in response to USS's Motion to Dismiss TIECO's Amended Complaint (Doc. 63) and the Motion of Defendants Hilton and Wager to Dismiss Plaintiff TIECO Inc.'s Amended Complaint (Doc. 61) and supporting Memorandum of Law (Doc. 62), states first that in as much as the motions to dismiss filed by Defendants make substantially the same legal arguments, TIECO will address these motions collectively. TIECO further states that Defendants' motions to dismiss are due to be denied and for grounds would show unto the Court as follows:

1. **Nature of Spoliation Claim at Issue**

On September 13, 2005, TIECO moved this Court for leave to amend its complaint for the limited purpose of clarifying its Negligence cause of action to

through allegations regarding Defendants' spoliation of the evidence in the case the parties commonly refer to as "*TIECO I*".  Despite Defendants' assertions in their motions to dismiss, TIECO has not asserted in its complaint or amended complaint any "independent cause of action for spoliation of evidence" or an independent action for relief from the judgments of *TIECO I*.

Although Alabama does not recognize an independent claim for spoliation, it does recognize such a claim under the traditional doctrine of negligence and that is how TIECO amended its complaint.  See *Smith v. Atkinson*, 98 F.Supp.2d 1334 (MDAL 2000)  Defendants Hilton and Wager refer this Court to the case of *Christian v. Kenneth Chandler Construction Company, Inc.*, 658 F.2d 408 (Ala. 1995) for their position that the Alabama Supreme Court "has concluded that where the alleged spoliator is a party to the action, no separate cause of action for spoliation of evidence is recognized."  What the Alabama Supreme Court found in *Christian* is that "because of the particular facts of [that] case" the general rule that the spoliation of evidence or an attempt to suppress material evidence is a sufficient foundation for an inference of negligence, was not applicable.  (*Christian* 658 at 412-13)  *Christian* case does not stand for the proposition that a party in one action cannot be sued as a spoliator in another action under a negligence theory as TIECO has done in this case.  TIECO has not asserted a claim for an independent cause of action for spoliation.

Defendants' arguments ignore two important points: 1) Defendants Hilton and Wager were not parties in *TIECO I*; and 2) six months after trial, USS produced additional relevant evidence.  Because Defendants Hilton and Wager were not parties in *TIECO I* they could not be ordered to pay damages inflicted by the conduct at issue in this case.  Also, because there was an appeal pending at the time USS produced post-trial evidence, the district court no longer had jurisdiction to remedy this additional spoliation of evidence.  Even when jurisdiction was returned to the district court, during arguments on TIECO's Rule 60(b) motion for new trial, USS stated that it could not represent to the court that USS had ever produced all documents relevant to *TIECO I*.  However, at that time, the district court's review was limited to whether USS's actions constituted a fraud upon the court that warranted a new trial <u>of the counterclaims</u>.

Defendants' filing of these extensive motions to dismiss, like prior motions to stay, are nothing more than delay tactics which erode TIECO's efforts to obtain the testimony of crucial witnesses.  Since the acts complained of in this case occurred, Defendants Wager and Hilton and others have left the employment of USS and even moved to different states.  Additionally, the passage of time since the acts occurred in 1999 causes memories to fade and, thereby unfairly assists Defendants in continuing to avoid responsibility for their wrongful conduct.

In November of 2004, USS (and subsequently joined by Defendants Hilton and Wager) filed its motion for a judgment on the pleadings in the instant case. This motion asserted that TIECO's claims in *TIECO II* were an attack on the judgments in *TIECO I* and, therefore, barred by *res judicata* and collateral estoppel. (Doc.37)  In May of 2005, the Eleventh Circuit Court of Appeals issued its decision affirming the District Court denial of TIECO's Rule 60(b) Motion for New Trial in *TIECO I*. What TIECO sought through its motion for a new trial was the opportunity to try its counterclaims against USS that were based on acts committed in furtherance of the conspiracy between USS and the Alabama Attorney General's Office to violate TIECO's civil rights and to maliciously prosecute TIECO criminally. These are not the same acts of which TIECO complains in this action. The issuance of the Eleventh Circuit decision concluded TIECO's efforts to seek a remedy for the acts which gave rise to TIECO's counterclaims.

On September 9, 2005, this Court denied judgment on the pleadings but requested the parties advise the Court whether *TIECO I* was concluded. The parties advised that *TIECO I* was concluded and Defendants renewed their motion for judgment on the pleadings. From the time Defendants first asserted and argued defenses of *res judicata* and collateral estoppel in their motions for judgment on the pleadings and supporting memorandum, until the time this Court denied judgment on

the pleadings, there were absolutely no new events to occur which affected Defendants' arguments. The May 16, 2005 decision by the Eleventh Circuit was simply a reiteration of its prior decision on the first appeal. The position espoused by the Eleventh Circuit changed nothing with regard to this case. In fact, the Eleventh Circuit's opinion on the issue of probable cause was argued in the memorandum (Doc. 39) supporting Defendants' initial motions for judgment on the pleadings, and the reasoning this Court had for denying the initial motions for judgment on the pleadings is still correct.

The only thing that has changed is TIECO's clarification of Count V, its Negligence claim, explaining that USS's actions in concealing evidence during and after trial constituted the spoliation of evidence. This limited clarification of Count V is all that USS needed to address. Instead of simply addressing these additional allegations, Defendants submit attacks on the entire Amended Complaint, which was submitted in a comprehensive format at the direction of the Court. Instead of addressing the limited amendment to the complaint, Defendants motions to dismiss make the same arguments they made in their initial <u>and</u> renewed motions to dismiss. (Docs. 38-39, 49-51)

    4**.**    **No New Arguments by Defendants.**

There are simply no new legal arguments espoused by Defendants since the

filing of their initial motions for judgment on the pleadings and renewed motion to dismiss. For that reason, and because these arguments were previously considered by this Court, TIECO adopts and incorporates herein its arguments in response to Defendants' prior motions and renewed motions for a judgment on the pleadings as to the issues of *res judicata* and collateral estoppel.

It is important to note that when the District Court dismissed USS's claims against TIECO as a sanction for misleading that court as to the existence and production of certain evidence, the court was exacting punishment against USS <u>in an effort to uphold the dignity and integrity of the court</u>. While TIECO received a benefit from the sanction against USS and argued in favor of the sanction when USS raised the matter on appeal, TIECO was not compensated for the injury suffered as a result of Defendant's actions.

Therefore, Defendants motions to dismiss and renewed motions for judgment on the pleadings are due to be denied because:

    1.    The claims made in this litigation were not adjudicated in *TIECO I* and were not the subject of any appeal to the Eleventh Circuit;

    2.    The issues asserted in this litigation were not adjudicated in *TIECO I* and were not the subject of any appeal to the Eleventh Circuit;

    3.    The instant case is not an independent action attacking the judgment in

*TIECO I*; and

  4. TIECO has not asserted a separate cause of action for the tort of spoliation of evidence.

  WHEREFORE, PREMISES CONSIDERED, TIECO respectfully requests the Court deny Defendants' motions to dismiss; deny Defendants' renewed motions for judgment on the pleadings; order Defendants to answer the amended complaint; and lift the stay of discovery in this case.

             Respectfully submitted,


             <u>s/ J. Mark White</u>
             J. Mark White
             Linda G. Flippo
             Stephen R. Arnold


**OF COUNSEL:**
**WHITE ARNOLD ANDREWS & DOWD P.C.**
2025 Third Avenue North, Suite 600
Birmingham, Alabama 35203
(205) 323-1888

**OF COUNSEL:**
Ralph D. Cook
James R. Pratt, III
D. Leon Ashford
**HARE, WYNN, NEWELL & NEWTON L.L.P.**
2025 Third Avenue North, Suite 800
Birmingham, Alabama 35203
(205) 328-5330

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of November, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF- participant counsel of record, and I certify that I have mailed a copy of the foregoing by United States Postal Service, properly addressed and postage prepaid, to the following non-CM/ECF- participant counsel of record:

    Warren B. Lightfoot
    Jere F. White, Jr.
    Sara Anne Ford
    Sarah O. Warburton
    Lightfoot Franklin & White, LLC
    The Clark Building
    400 20th Street North
    Birmingham, Alabama 35203

    H. Thomas Wells, Jr.
    John A. Earnhardt
    Mitesh B. Shah
    Maynard Cooper & Gale, PC
    AmSouth Harbert Plaza,
    Suite 2400
    1901 6th Avenue North
    Birmingham, AL 35203-2618

                                      s/J. Mark White
                                      Of Counsel